### F. L. LAWLER V. THE STATE.

No. 22179. Delivered June 17, 1942.
Rehearing Denied October 21, 1942.

The opinion states the case.

J. D. Todd, Jr., of Corpus Christi, for appellant.

Spurgeon E. Bell, State's Attorney, of Austin, for the State.

GRAVES, Judge.

The offense is driving an automobile upon a public highway while under the influence of intoxicating liquor; the punishment, a fine of $100.00.

Bill of exceptions No. 1 complains because of the voluntary statement of the witness McKenzie, after he had testified that he saw an automobile being driven in an erratic manner that ran into some people on the street, at the time and place set

forth in the information, and that when said automobile was stopped he saw appellant, who appeared to be dazed and slumped over the steering wheel; the man was definitely staggering when helped out of the car, and his breath smelled like whisky. The witness then volunteered the statement, so the bill shows: "All I know is I saw a drunk man that night." We think this statement evidently refers to the condition of appellant as he was taken from the automobile by the witness and officers, two of whom also testified as to the drunken condition of appellant. We see no error reflected therein.

An exception is taken to the fact that the jury first returned a verdict in which it was said that: "We, the jury, find the defendant guilty, and should be fined $100.00 and court costs," and to the court's directing them to change the verbiage thereof to mean what they intended to find, and they then merely amended their verdict to say: "We, the jury, find the defendant guilty and assess fine of $100.00 and court costs."

This last verdict was evidently what the jury meant by their first verdict, and the trial court was within its rights when he refused to receive the first verdict; and though we think the first verdict was sufficiently clear to show what was meant thereby, the court's action in having the same corrected was not erroneous. See Branch's P. C., p. 333, Sec. 651.

It was not necessary that the jury should have been told by the court to include in their verdict of guilt, if such be found, the item of costs, such always following a verdict of guilt; nevertheless such an instruction we do not think evidences any error.

We think that no error is presented by the record, and the judgment is affirmed.

ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant, in his motion, strenuously insists that we erred in holding the evidence sufficient to sustain the judgment. We have again reviewed the statement of facts but remain of the opinion that the proof is sufficient to show that appellant was drunk on the night in question and while so intoxicated operated

an automobile on Chaparral Street in the City of Corpus Christi as charged in the information.

He next claims that the witness, R. E. McKenzie, was permitted to express his opinion that appellant was drunk, without stating any facts upon which to base the same. We find that appellant is laboring under a false impression. The record shows that McKenzie testified:

"I noticed a car which seemed to be pulling out from the curb in front of me and I cut my speed down. * * * I saw the car ahead of me run into the persons in the street. * * * The car ahead of me had proceeded across the intersection and stopped about a quarter of the way down the block. I helped put the injured woman into the ambulance and then went to where the car was parked. I helped take a man out of the car. He appeared to be dazed and was slumped over the steering wheel. * * * He was the same man who is the defendant in this case and is sitting in the court room. The man's breath smelled like whisky."

In our opinion, this justified the conclusion that appellant was drunk. However, there is evidence from other sources that his breath carried the odor of whisky; that he staggered and weaved when he got out of the car; and a bottle containing whisky was found in his car.

All other matters re-urged have been carefully considered by us and deemed to be without merit.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.